**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KELLI KAVANAUGH,<br><br>              Plaintiff,<br>     v.<br><br>CAMDEN COUNTY BOARD<br>OF CHOSEN FREEHOLDERS,<br>CAMDEN COUNTY DEPARTMENT<br>OF CORRECTIONS, and<br>WARDEN OF CAMDEN COUNTY JAIL,<br><br>              Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 16-cv-07745 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES:

Kelli Kavanaugh, Plaintiff Pro Se
3011 Jackson Road
Williamstown, NJ 08094

**SIMANDLE, Chief District Judge:**

1.    Plaintiff Kelli Kavanaugh seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Board of Chosen Freeholders ("BOF"), Camden County Department of Corrections ("CCDOC"), and Warden of Camden County Jail ("Warden") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

2.    28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis.*

3.   For the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4.   First, the present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Even accepting the statements in Plaintiff's Complaint as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

5.   To survive *sua sponte* screening for failure to state a claim[1], the Complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS*

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

*Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).
"A claim has facial plausibility when the plaintiff pleads
factual content that allows the court to draw the reasonable
inference that the defendant is liable for the misconduct
alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308
n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or
conclusions' or 'a formulaic recitation of the elements of a
cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662,
678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.
544, 555 (2007)). Moreover, while *pro se* pleadings are liberally
construed, "*pro se* litigants still must allege sufficient facts
in their complaints to support a claim." *Mala v. Crown Bay
Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation
omitted) (emphasis added).

6.   With respect to factual allegations giving rise to
Plaintiff's claims, the Complaint states: "I was placed in
Camden Co. Jail and was told to find a cell and put my mattress
on the floor because there were no beds available because of
overcrowding conditions." Complaint § III(C).

7.   Plaintiff does not identify the date(s) or time(s) of
these alleged events. *Id*. § III(B) (blank).

8.   The Complaint states that Plaintiff suffered
"bru[i]sed shoulders, back, hip [and] back pain" in connection
with these events. *Id*. § IV.

9.   As to requested relief, Plaintiff seeks "one million dollars in compensatory damages and also two million dollars in punitive damages." *Id*. § V.

10.   Even construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding, any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred.

11.   The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v. Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations

4

and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

12. Moreover, the CCDOC and the BOF are not separate legal entities from Camden County and are therefore not independently subject to suit. *See Bermudez v. Essex Cty. D.O.C.*, No. 12-6035, 2013 WL 1405263, at *5 (D.N.J. Apr. 4, 2013) (citing cases). Plaintiff has not pled sufficient facts to impose liability on Camden County. "There is no *respondeat superior* theory of municipal liability, so a city may not be held vicariously liable under § 1983 for the actions of its agents. Rather, a municipality may be held liable only if its policy or custom is the 'moving force' behind a constitutional violation." *Sanford v. Stiles*, 456 F.3d 298, 314 (3d Cir. 2006) (citing *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 691 (1978)). *See also Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992) ("The city is not vicariously liable under § 1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that the city itself is the wrongdoer.").

Plaintiff must plead facts showing that the relevant Camden
County policy-makers are "responsible for either the affirmative
proclamation of a policy or acquiescence in a well-settled
custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).[2]
In other words, Plaintiff must set forth facts supporting an
inference that Camden County itself was the "moving force"
behind the alleged constitutional violation. *Monell*, 436 U.S. at
689.

13.  Moreover, even construing the Complaint to allege
claims against the Warden (Complaint § I(B)), such claims must
be dismissed without prejudice because the Complaint does "[not]
allege[] any personal involvement by [the Warden] in any
constitutional violation – a fatal flaw, since 'liability in a §
1983 suit cannot be predicated solely on the operation of
*respondeat superior*.'" *Baker v. Flagg*, 439 F. App'x 82, 84 (3d
Cir. 2011) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207
(3d Cir. 1988)). "[Plaintiff's] complaint contains no
allegations regarding [the] [W]arden. 'Because vicarious

---

[2] "Policy is made when a decisionmaker possess[ing] final
authority to establish municipal policy with respect to the
action issues an official proclamation, policy, or edict.
Government custom can be demonstrated by showing that a given
course of conduct, although not specifically endorsed or
authorized by law, is so well-settled and permanent as virtually
to constitute law." *Kirkland v. DiLeo*, 581 F. App'x 111, 118 (3d
Cir. 2014) (internal quotation marks and citations omitted)
(alteration in original).

liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.' Thus, [plaintiff] failed to state a claim against [the] [W]arden." *Bob v. Kuo*, 387 F. App'x 134, 136 (3d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009)). Accordingly, Plaintiff's claims against the Warden must be dismissed without prejudice.

14.  As Plaintiff may be able to amend the Complaint to address the deficiencies noted by the Court, the Court shall grant Plaintiff leave to amend the complaint within 30 days of the date of this order.[3]

15.  In the event Plaintiff files an amended complaint, Plaintiff should include specific facts, such as the dates and length of confinement(s), whether Plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, and any other relevant facts regarding the conditions of confinement. Conclusory statements are not enough.

16.  Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the

---

[3] The amended complaint shall be subject to screening prior to service.

7

amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

17.  For the reasons stated above, the Complaint is dismissed without prejudice for failure to state a claim. The Court will reopen the matter in the event Plaintiff files an amended complaint within the time allotted by the Court.

18.  An appropriate order follows.


**March 7, 2017**                          **s/ Jerome B. Simandle**
Date                                       JEROME B. SIMANDLE
                                           Chief U.S. District Judge

8